IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 1:17-00011-KD-MU |
| | ) |
| KERRY MILLER, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Kerry Miller's letter motion for credit for time served. (Docs. 78).

On January 25, 2017, Miller was indicted for being a prohibited person (felon) in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Miller pled guilty and on August 1, 2017 he was sentenced to the custody of the Bureau of Prisons (BOP) for a term of 36 months, with 3 years SRT. (Doc. 60). On January 8, 2021, Miller's supervised release was revoked and he was sentenced to the custody of the BOP for a term of 24 months, with 12 months SRT. (Doc. 74). There is no indication from the revocation sentencing transcript and/or the Judgment that Miller was to receive jail credit for time served in state custody.

18 U.S.C. § 3585(b) provides that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This Court is the sentencing court.  The "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d

1250, 1259 (11th Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)); United States v. Anderson, 517 Fed. Appx. 772, 775-776 (11th Cir. 2013) (unpublished) ("The Attorney General, through the BOP, is authorized under § 3585(b) to compute sentence-credit awards after sentencing[] ... [a] district court is not authorized to do so[]").  As summarized in United Sates v. Roberson, 746 Fed. Appx. 883, 885 (11th Cir. 2018) (per curiam) (unpublished):

> In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Nyhuis, 211 F.3d at 1345 (quotation marks omitted). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10–542.19.
>
> Because the BOP has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Williams, 425 F.3d at 990 (quotation marks omitted). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under § 2241. Nyhuis, 211 F.3d at 1345.

Therefore, this Court does not have authority to calculate and award credit to Miller.

But this also means that Miller is not without a remedy. Miller may challenge the BOP's calculation through its administrative procedure, and if still dissatisfied, may then file a 28 U.S.C. § 2241 petition in a federal court.  Id.  See also United States v. Martin, 362 Fed. Appx. 69, 70 (11th Cir. 2010) (per curiam) (unpublished) (to seek judicial review, a petition or "claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies[]") (emphasis omitted).  There is nothing in Miller's motions indicating exhaustion. However, even if Miller has exhausted his administrative remedies, this Court lacks jurisdiction to consider his Section 2241 petition.  This is because a Section 2241 petition must be filed in the United States District Court where Miller is confined, because exhaustion of administrative remedies is jurisdictional.  Vance v. United States, 476 Fed. Appx. 234 (11th Cir. 2012) (per curiam) (unpublished) (a Section 2241 petition "may be brought only in the district court for the

district in which the inmate is incarcerated[]") (citing <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991)).  Miller's letter motion indicates that he is currently incarcerated at USP Pollock in Pollock, Louisiana (near Alexandria, Louisiana).  As such, the United States District Court for the Western District of Louisiana is the district court for the district in which Miller is incarcerated, not this Court.  Thus, this Court would lack subject-matter jurisdiction to entertain a Section 2241 petition by Miller.

For these reasons, Miller's motion (Doc. 78) is **DENIED.**

**DONE** and **ORDERED** this the **22nd** day of **July 2021.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**